UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DITECH FINANCIAL LLC F/K/A GREEN TREE SERVICING LLC AND FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Plaintiff,<br>v.<br><br>STONEFIELD II HOMEOWNERS ASSOCIATION; AIRMOTIVE INVESTMENTS LLC,<br><br>Defendants. | Case No. 3:16-cv-00227-MMD-WGC<br><br>ORDER |
| AIRMOTIVE INVESTMENTS, LLC, a Nevada limited liability company,<br><br>Counterclaimant,<br>v.<br><br>DITECH FINANCIAL LLC f/k/a GREEN TREE SERVICING LLC, a Delaware limited liability company; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federally chartered corporation; ANA RODRIGUEZ f/k/a ANA PUENTES, an individual, DOE individuals I through XX; and ROE CORPORATIONS I through XX,<br><br>Counter-Defendants. | |

**I.     SUMMARY**

In this case, the Court decides whether a first deed of trust ("DOT") encumbering real property located at 8953 Finnsech Drive, Reno, Nevada 89506, APN 080-883-04 ("Property") was extinguished by a non-judicial foreclosure sale ("HOA Sale")—conducted to satisfy a homeowners' association lien. (ECF Nos. 1, 60.) Plaintiffs Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Ditech") and Federal National Mortgage Association ("Fannie Mae") (collectively "Plaintiffs") have moved for summary judgment, seeking quiet

title and declaration that the HOA Sale did not extinguish Fannie Mae's DOT because 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") preserved it ("Motion"). (ECF No. 60.) The Court agrees with Plaintiffs that the Federal Foreclosure Bar protected the DOT from extinguishment and therefore grants the Motion.[1]

## II. BACKGROUND

### A. Facts

The following facts are undisputed unless otherwise indicated.[2]

Ana Puentes ("Borrower") executed a note ("Note") and the DOT on March 1, 2007—recorded the following day, in exchange for a $211,100 loan ("Loan") from Universal American Mortgage Company, LLC ("Lender") to finance the Property located within the Stonefield II Homeowners Association ("HOA"). (ECF No. 60-2.) Mortgage Electronic Registration Systems, Inc. ("MERS") was the nominee-beneficiary on the DOT. (*Id.*) The DOT also granted Lender a security interest in the Property to secure the repayment of the Loan. (*Id.* at 4.)

Plaintiffs have provided the affidavit of Fannie Mae's Assistant Vice President, Graham Babin, and Fannie Mae's business records accompanying Babin's declaration,

///

---

[1] The Court has considered the relevant responses (ECF Nos. 63, 69) and replies (ECF Nos. 66, 73 (deemed a single reply because the parties stipulated to Airmotive filing a late response after Plaintiffs filed their initial reply)).

[2] The Court grants Plaintiffs' request for judicial notice (ECF No. 60 at 8–9) of the following: (1) facts derived from the publicly available records of the Washoe County Recorder—although Plaintiffs mistakenly note the Clark County Recorder (ECF Nos. 60-2, 60-4, 60-5, 60-7, 60-8, 60-9, 60-10, 60-11); (2) Federal Housing Finance Agency's ("FHFA") statement ("FHFA Statement") available on the federal government's website regarding FHFA's policy not to consent to the extinguishment of property of the Enterprises—including Fannie Mae (ECF No. 60-12); (3) FHFA's statement on servicer reliance on the Housing and Economic Recovery Act of 2008 (ECF No. 60-1)—also available on the government's website; and (4) the fact that Fannie Mae was placed under FHFA's conservatorship in 2008 per FHFA's website. The Court also takes judicial notice of Fannie Mae's Single-Family Servicing Guide (ECF No. 60-6) available on its website. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (explaining that a court may take judicial notice of a government agency's records and other undisputed matters of public record under Fed. R. Evid. 201); *Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 986 n.6 (D. Nev. 2014) (taking judicial notice of document on the Federal Deposit Insurance Corporation's website); *see also Berezovsky v. Moniz*, 869 F.3d 923, 932 n.9 (9th Cir. 2017) (taking judicial notice of Freddie Mac's servicing guide).

evidencing that Fannie Mae purchased the Loan in April 2007. (ECF No. 60-3 at 3–4, 7.) Fannie Mae thereby obtained an ownership interest in the DOT at that time.

Borrower ultimately failed to pay HOA assessments. The HOA recorded a notice of delinquent assessment and claim of lien on December 29, 2010 (ECF No. 60-7); a notice of default and election to sell on January 5, 2012 (ECF No. 60-8); and a notice of the HOA Sale on February 26, 2013 (ECF No. 60-9). Defendant TBR I, LLC ("TBR") purchased the Property at the HOA Sale held on April 26, 2013, for $3,941.00. (ECF No. 60-10.) TBR transferred the Property to Defendant/Counterclaimant Airmotive Investments LLC ("Airmotive") by a quitclaim deed recorded on February 29, 2016. (ECF No. 60-11.)

Fannie Mae retained its ownership of the Loan—and thus its interest in the DOT—at the time of the HOA Sale. (ECF No. 60-3 at 3–4, 15.) BANA was the servicer of the Loan at that time. (*Id.* at 4, 21 (documenting servicing transfer from BANA to Ditech on "04/30/2013").) The FHFA did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interests in the Property. (*See* ECF No. 60-12 (FHFA's website explaining "FHFA confirms that it has not consented, and will not consent in the future, to the foreclosure or other extinguishment of any Fannie Mae or Freddie Mac lien or other property interest in connection with HOA foreclosures of super-priority liens").)

**B.    The Parties' Claims and Motions**

In their first amended complaint ("FAC"), Plaintiffs assert the following claims for relief: (1) declaratory judgment under the Federal Foreclosure Bar against Airmotive; (2) declaratory judgment against all Defendants for violations of due process; (3) quiet title under the Federal Foreclosure Bar against Airmotive; (4) breach of NRS § 116.1113 *et seq.* against the HOA; (5) wrongful foreclosure against the HOA; and (6) injunctive relief against Airmotive. (ECF No. 27.)[3] Plaintiffs chiefly request that the Court declares that

///

---

[3]The Court deems Plaintiffs' claim for declaratory relief under the Federal Foreclosure Bar as connected to the substantive second claim for quiet title also brought pursuant to Federal Foreclosure Bar. *See JP Morgan Chase Bank, N.A. v. Williston Inv. Grp., LLC*, No. 2:16-CV-2874 JCM (GWF), 2017 WL 3299041, at *2 (D. Nev. Aug. 1, 2017) ("[D]eclaratory judgment is a form of relief and not itself an independent claim, particularly

3

1  Fannie Mae's DOT continues to encumber the Property because the Federal Foreclosure
2  Bar preempts Nevada Law. (*Id.* at 17.)

3  Airmotive filed two counterclaims: (1) quiet title/declaratory relief against all
4  Counter-Defendants; and (2) negligent or, alternatively, intentional misrepresentation
5  against Ditech. (ECF No. 37.) Airmotive also moved for partial summary judgment on the
6  latter. (ECF No. 70.) This action was thereafter stayed due to bankruptcy proceedings
7  (ECF Nos. 74, 74-1, 75). However, the parties subsequently filed a joint status report
8  informing the Court that progress in the bankruptcy proceedings rendered all but
9  Airmotives' negligent/intentional misrepresentation claim ripe for ruling. (ECF No. 76.) In
10 light of these facts, the Court issue a minute order denying Airmotive's motion for partial
11 summary judgment on its misrepresentation claim "to avoid the motion pending for an
12 indefinite period of time." (ECF No. 78.) Accordingly, this order concerns only Plaintiffs'
13 Motion, although the Court's ruling in favor of Plaintiffs necessitates dismissal of
14 Airmotive's first counterclaim for quiet title.

15 **III.    LEGAL STANDARD**

16 "The purpose of summary judgment is to avoid unnecessary trials when there is no
17 dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18
18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings,
19 the discovery and disclosure materials on file, and any affidavits "show that there is no
20 genuine issue as to any material fact and that the moving party is entitled to a judgment
21 as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is
22 "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could
23 find for the nonmoving party and a dispute is "material" if it could affect the outcome of the
24 suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

25 The moving party bears the burden of showing that there are no genuine issues of
26 material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the
27 ///

28 where the factual and legal allegations asserted in support of this claim are largely reproduced in plaintiff's claim for quiet title.").

4

moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

**IV.     DISCUSSION**

Plaintiffs argue that the DOT was protected from extinguishment under the Federal Foreclosure Bar because Fannie Mae was under FHFA's conservatorship as of 2008 and the FHFA did not consent to foreclosure. (ECF No. 60.) The Court agrees. In fact, this Court recently addressed every argument that Airmotive makes here to overcome the applicability of the Federal Foreclosure Bar in *Bank of Am., N.A. v. Casoleil Homeowners Ass'n ("Casoleil")*, No. 3:16-cv-00307-MMD-WGC, 2019 WL 260155 (D. Nev. June 25, 2019). *Casoleil* provides the numerous cases that support the Court's conclusion. The Court incorporates its relevant findings here, but will separately address a single—but meaningfully distinct—argument Airmotive proffers in this case.

Specifically, Airmotive contends that the Federal Foreclosure Bar does not apply to protect the DOT because in a recorded affidavit ("Affidavit") supporting a "Notice of Breach and Default . . ." (ECF No. 69-10 at 4–8) relating to the Property and DOT, a Ditech employee swore under oath that Ditech was both the current beneficiary and holder of the Note. (*See, e.g.*, ECF No. 69 at 11–15, 28.) The Affidavit was recorded on January 23, 2015—nearly two years after the HOA Sale. (*Id.* at 2.) Nonetheless, Airmotive essentially

5

argues that the Affidavit raises an issue of material fact as to whether Fannie Mae ever had a protected interest in the DOT. (*Id.* at 15.)

Plaintiffs argue that the Affidavit creates no genuine dispute as to Fannie Mae's interest in the DOT because the Affidavit (1) provides that Ditech is "the current holder of the note," "the current beneficiary of record of the Deed of Trust," and "the current servicer," (2) the Affidavit was signed long after the HOA Sale, and (3) Ditech holding the note does not contradict Fannie Mae's ownership interest. (*See, e.g.*, ECF No. 73 at 13–14; ECF No. 69-10 at 5.)

The Court agrees with Plaintiffs that the Affidavit does not speak to the fact of Fannie Mae's (or even Ditech's) interests in the Property at the time of the HOA Sale and therefore cannot be relied upon to avoid summary judgment. Even if the Affidavit was relevant, it could not support the material dispute Airmotive purports it does. That Ditech currently holds the Note does not undermine Fannie Mae's ownership interest. *See, e.g.*, *Thomas v. BAC Home Loans Servicing, LP*, 373 P.3d 967 (Table), 2011 WL 6743044, at *3 n.9 (Nev. Dec. 20, 2011) ("[T]he status of holder merely pertains to one who may enforce the debt and is a separate concept from that of ownership.").

In sum, as the Court has done in several cases with materially indistinguishable facts, the Court finds that at the time of the HOA Sale, the DOT was Fannie Mae's property interest and was therefore protected from extinguishment under the Federal Foreclosure Bar because Fannie Mae was under FHFA's conservatorship as of 2008 and the FHFA did not consent to foreclosure or extinguishment of the DOT.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

///

///

It is therefore ordered that Plaintiffs' motion for summary judgment on their quiet title/declaratory relief claim (ECF No. 60) is granted. The Court declares that the HOA Sale did not extinguish the DOT and therefore it continues to encumber the Property.

It is further ordered that Plaintiffs' other claims are denied as moot.

It is further ordered that Airmotive's counterclaim for quiet title seeking declaration that the HOA Sale extinguished the DOT is dismissed in light of the Court granting summary judgment in favor of Plaintiffs. This leaves unresolved Airmotive's counterclaim for negligent/intentional misrepresentation, which is subject to the automatic stay.

The Court directs the Clerk to enter judgment in favor of Plaintiffs on their quiet title/declaratory relief claim to permit Airmotive to appeal this order.

While Airmotive's counterclaim for negligent/intentional misrepresentation is stayed, the Court directs this case to be administratively closed pending a lifting of the automatic stay.

DATED THIS 3rd day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE